# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IUE-CWA, The Industrial Division of the Communications Workers of America, AFL-CIO, CLC; and Larry Combs; Eva Cox; Mary Davis; Lee Hill; and Earl R. Williams; on behalf of themselves and all other persons similarly situated,<br><br>     Plaintiffs,<br> v.<br><br>GENERAL MOTORS CORPORATION,<br><br>     Defendant. | Case No: 2:06-cv-12151<br><br>Hon. Denise Page Hood<br>Magistrate Judge Paul J. Komives<br><br>**CLASS ACTION** |

## ORDER

Having reviewed and considered Class Representatives' Motion for Class Certification and supporting documentation, the Court concludes that all requirements of Federal Rule of Civil Procedure 23 are satisfied and accordingly grants the motion and appoints Class Counsel, based on the following specific finding and rulings:

  1. For a class to be certified, the proposed group of litigants must satisfy the four requirements of Rule 23(a) and fall within one of the three subdivisions of Rule 23(b); in addition, appointment of class counsel requires satisfaction of Rule 23(g)(1)(C)(i).

  2. Because there are approximately 32,000 class members, the class is so numerous that joinder of all members is impracticable, satisfying Fed.R.Civ.P. 23(a)(1).

  3. There are common questions of law and fact, satisfying Fed.R.Civ.P. 23(a)(2), because members of the proposed class are covered by

labor agreements and plan documents containing virtually identical provisions concerning the obligations of General Motors Corporation ("GM") to provide retiree health care. Common questions include: (1) whether Section 301 of the LMRA, 29 U.S.C. § 185(a), prohibits GM from unilaterally reducing class members' health-care benefits; and (2) whether ERISA, 29 U.S.C. §§ 1132 (a)(1)(B) and (a)(3), also prohibits GM from so doing.

4. Fed.R.Civ.P. 23(a)(3) is satisfied because the Class Representatives' claims are typical of the claims of the proposed class. GM has announced its intention to unilaterally modify hourly retiree health care benefits, which, if implemented, will affect Class Representatives and the proposed class in the same way.

5. Fed.R.Civ.P. 23(a)(4) is satisfied because the Class Representatives and their counsel will fairly and adequately protect the interests of the class. First, Class Representatives have common interests with unnamed class members, as established by the fact that Rule 23(a)(2) commonality and Rule 23(a)(3) typicality are satisfied; further, nothing suggests that Class Representatives have interests conflicting or antagonistic to the interests of the proposed class. Second, Class Representatives will vigorously represent the interests of the proposed class through qualified counsel, as discussed in the following paragraph.

6. Rule 23(g)(1)(C)(i) requires that the Court consider the following factors when appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the

type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.  The Court has carefully considered each of these factors and concludes that each is satisfied here.

7. The Court also finds that the requirements of Fed.R.Civ.P. 23(b)(2) are satisfied, i.e., that GM has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.  Specifically, GM has threatened to act on grounds generally applicable to the entire proposed class by reducing health care benefits.  Injunctive or declaratory relief accordingly is appropriate with respect to the class as a whole.

8. Based on the foregoing, the Court hereby certifies the following class:

All persons who, as of April 28, 2006, were (a) GM/IUE-CWA hourly employees who had retired from GM with eligibility to participate in retirement in the GM Health Care Program for Hourly Employees, or (b) the spouses, surviving spouses and dependents of GM/IUE-CWA hourly employees, who, as of April 28, 2006, were eligible for post-retirement or surviving spouse health care coverage under the GM Health Care Program for Hourly Employees as a consequence of a GM/ IUE-CWA hourly employee's retirement from GM or death prior to retirement.

9. Class claims are those alleged in the Complaint, including the claim that Section 301 of the LMRA, 29 U.S.C. § 185(a), as well as ERISA, 29 U.S.C. §§ 1132 (a)(1)(B) and (a)(3), prohibit GM from unilaterally reducing class members' health-care benefits.

10. William T. Payne, John Stember and Edward J. Feinstein are appointed as counsel for the class.  As discussed above, the Court finds that these

attorneys will fairly and adequately represent the interests of the class, in consideration of the work counsel has done in identifying or investigating potential claims in this action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class.

So Ordered,

Date:   August 1, 2006                                    s/ DENISE PAGE HOOD
                                                                                                                        Denise Page Hood
                                                                                                                        United States District Judge

cc:   All parties of record