**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IUE-CWA, the Industrial Division of the Communications Workers of America, AFL-CIO, CLC; AND LARRY COMBS, EVA COX, MARY DAVIS, LEE HILL, and EARL R. WILLIAMS, on behalf of themselves and all other persons similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>GENERAL MOTORS CORPORATION,<br><br>　　　　　　　　　　Defendant. | Case No.: 06- 12151<br><br>Honorable Denise Page Hood<br><br>CLASS ACTION |

**ORDER AND FINAL JUDGMENT**

Based on the Findings of Facts and Conclusions of Law filed this date, and all of the files, records, and proceedings herein, it is ordered that:

1. The following class is finally certified for purposes of settlement:

   All persons who, as of April 28, 2006, were (a) GM/IUE-CWA hourly employees who had retired from GM with eligibility to participate in retirement in the GM Health Care Program for Hourly Employees, or (b) the spouses, surviving spouses and dependents of GM/IUE-CWA hourly employees, who, as of April 28, 2006, were eligible for post-retirement or surviving spouse health care coverage under the GM Health Care Program for Hourly Employees as a consequence of a GM/IUE-CWA hourly employee's retirement from GM or death prior to retirement.

2. The parties' proposed Settlement Agreement dated July 27, 2006 is approved, in its entirety, as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e).

3. Pursuant to the express terms of the Settlement Agreement, this judgment recites and confirms the provisions of Section 18 of the Settlement Agreement as follows:

No Admissions; No Prejudice

A.     Notwithstanding anything to the contrary, whether set forth in this Settlement Agreement, the Judgment, the Notice Order, any documents filed with the Court in the lawsuit, any documents whether provided in the course of or in any manner whatsoever relating to the 2006 discussions between GM, the IUE-CWA and Class Counsel with respect to health care benefits or relating to this Settlement Agreement or the Term Sheet, whether distributed, otherwise made available to or obtained by any person or organization, including without limitation, Active Employees, Class Members, or the spouses, surviving spouses or dependants of any of the foregoing, or to the IUE-CWA or GM in the course of the negotiations leading to entry into this Settlement Agreement, or otherwise:

> (a) GM denies and continues to deny any wrongdoing or legal liability arising out of any of the allegations, claims and contentions made against GM in the lawsuit and in the course of the negotiation of the Term Sheet or this Settlement Agreement. None of the Term Sheet, any disputes or discussions between GM and the IUE-CWA with respect to health care benefits or regarding entry into this Settlement Agreement occurring on or after January 1, 2006, this Settlement Agreement nor any document referred to or contemplated herein nor any action taken to carry out this Settlement Agreement nor any retiree health care benefits provided hereunder or any action related in any way to the ongoing administration of such retiree health care benefits (collectively, the "<u>Settlement Actions</u>") is, may be construed as, or may be viewed or used as, an admission by or against GM of any fault, wrongdoing or liability whatsoever, or as an Admission by GM of the validity of any claim or argument made by or on behalf of the IUE-CWA, Active Employees, the Class or Future Retirees, that retiree health benefits are vested. Without limiting in any manner whatsoever the generality of the foregoing, the performance of any Settlement Actions by GM may not be construed, viewed or used as an Admission by or against GM that, following any termination of this Settlement Agreement, it does not have the unilateral right to modify or terminate retiree health care benefits.

> (b) Each of the IUE-CWA, the Class Representatives and the Class Members claim and continue to claim that the allegations, claims and contentions made against GM in the lawsuit have merit. Neither this Settlement Agreement nor any document referred to or contemplated herein nor any Settlement Actions may be construed

as, or may be viewed or used as, an Admission by or against any of the IUE-CWA, the Class Representatives or the Class Members of any fault, wrongdoing or liability whatsoever or of the validity of any claim or argument made by or on behalf of GM that GM has a unilateral right to modify or terminate retiree health care benefits or that retiree health care benefits are not vested. Without limiting in any manner whatsoever the generality of the foregoing, the performance of any Settlement Actions by any of the IUE-CWA, the Class Representatives or the Class Members, including without limitation, the acceptance of any retiree health care benefits under any of the GM health care plans set forth in this Settlement Agreement, may not be construed, viewed or used as an Admission by or against any of the IUE-CWA, the Class Representatives or the Class Members that, in the event of any termination of this Settlement Agreement, GM has the unilateral right to modify or terminate retiree health care benefits.

(c) There has been no determination by any court as to the factual allegations made against GM in the lawsuit. Entering into this Settlement Agreement and performance of any of the Settlement Actions shall not be construed as, or deemed to be evidence of, an Admission by any of the parties hereto, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal or forum for any purpose whatsoever other than to enforce the provisions of this Settlement Agreement or to obtain or seek approval of this Settlement Agreement in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005.

B.      This Settlement Agreement and anything occurring in connection with reaching this Settlement Agreement are without prejudice to GM, the IUE-CWA and the Class Members. The parties may use this Settlement Agreement to assist in securing the Judgment approving the settlement and to implement the Administrative Changes in accordance with Exhibit 1 to this Settlement Agreement.  It is intended that neither GM nor the IUE-CWA, Future Retirees or the Class Members may use this Settlement Agreement, or anything occurring in connection with reaching this Agreement, as evidence against GM, the IUE-CWA or the Class Members in any circumstance except where the parties are operating under or enforcing this Settlement Agreement or the Judgment approving this Settlement Agreement.

C.          GM, the IUE-CWA, and the Class Members expressly agree and acknowledge that each party is entering into this Settlement Agreement and compromising material claims in light of the Case Law as it exists as of the Effective Date.  For purposes of this Settlement Agreement, "Case Law" shall mean, judicial decisional law, whether existing in the federal system (including, but not limited to, decisions of the United States Supreme Court or any United States Circuit Court of Appeals) or in any state or locality; but does not include statutes, regulations, codes, rules or subsequent legislative, regulatory or administrative developments.

Each of the parties hereto further expressly agree and acknowledge that in the event that GM terminates this Settlement Agreement in accordance with Section 16 or 17 hereof, and there is litigation between GM, the IUE-CWA and/or, the Class Members over the right of GM to unilaterally modify and/or terminate retiree health benefits or whether such benefits are vested, the Case Law as of the Effective Date shall be treated as the applicable body of judicial decisional law for such litigation, subject to any and all changes in the applicable law from legislative, regulatory, or administrative developments after the Effective Date and provided that neither the Class Members nor the IUE-CWA would retain the right to seek damages, reimbursement or recovery in connection with the health care changes incorporated in this Settlement Agreement and the applicable plans for the Effective Period.  Moreover, (i) GM, the IUE-CWA, and the Class Members may make any and all arguments in any such litigation as are available to them regarding such Case Law as of the Effective Date, and (ii) for purposes of any applicable statute of limitations, any changes in retiree health care benefits provided for in this Settlement Agreement shall be deemed to have occurred on the date this Settlement Agreement terminates.

For the avoidance of doubt, it is the express intention and agreement of GM, the IUE-CWA and Class Members to apply the Case Law as it exists as of the Effective Date to any litigation between GM, the IUE-CWA, and/or Class Members over the right of GM to unilaterally modify and/or terminate retiree health benefits or whether such benefits are vested should this Settlement Agreement be terminated by GM in accordance with Section 17, subject to any and all changes in the applicable law from subsequent legislative, regulatory, or administrative developments and the right of GM, the IUE-CWA and the Class Members to make any and all arguments in any such litigation as are available to it regarding such Case Law as of the Effective Date.  No judicial decisions issued after the Effective Date shall be relevant to or have any bearing on consideration or resolution by any court, administrative agency or other tribunal or forum of the issue of GM's right to unilaterally modify and/or terminate retiree health care benefits or

whether such benefits are vested in any litigation between GM, the IUE-CWA, and/or Class Members should this Settlement Agreement be terminated by GM in accordance with Section 17, except insofar as they reflect changes in applicable law resulting from legislative, regulatory or administrative developments after the Effective Date. GM, the IUE-CWA and/or Class Members shall not be precluded from raising any legal theory or argument which such parties could have made under the Case Law as of the Effective Date merely because it is reflected in a judicial decision after the Effective Date.

This provision is a material part of this Settlement Agreement. The Judgment shall expressly recite and confirm the provisions of this Section. In the event this Settlement Agreement is terminated, nothing in this Section shall prevent GM, the IUE-CWA, and the Class Members from using, relying or referring, in support of their respective positions, to any documentary evidence which was in existence on January 1, 2006, and which such parties, on the Effective Date, could have used, relied upon or referred to in support of their respective positions, except that plan documents and similar material prepared and distributed up to the Ratification Date without regard to the discussions leading up to the negotiation of the MOU and this Settlement Agreement may be so relied upon and referred to by GM, the IUE-CWA or Class Members, to the extent such documents and similar materials are consistent with the previous versions that were in effect on January 1, 2006.

GM further agrees, in its capacity as settlor, sponsor and administrator of the General Motors Health Care Program for Hourly Employees, that the Plan shall, to the extent permitted by ERISA, be bound by this Section to the same extent as GM and is subject to the same conditions and limitations as GM under this Section.

4. The Court approves the reimbursement by GM of the IUE-CWA's and Class Counsel's reasonable attorneys' fees and expenses as provided for under Section 12 of the Settlement Agreement in all respects.

5. Pursuant to Fed. R. Civ. P 54(d)(2)(A) and (B), final requests for attorneys' fees and expenses shall be filed by Class Counsel and IUE-CWA within 14 days of this order and judgment. The Court will rule on those final requests and Class Counsel's August 18, 2006 motion for attorneys' fees and expenses (reflecting their work as of that date) in a separate order.

6. The Settlement Agreement is binding upon GM, IUE-CWA, and all members of the Class.

7. The Court finds reasonable and approves the indemnification provisions of Section 13 of the Settlement Agreement in all respects.

8. This litigation is dismissed with prejudice, except as otherwise provided herein and in the Settlement Agreement.

9. The Court retains exclusive jurisdiction, pursuant to Section 20.C of the Settlement Agreement, to resolve any disputes relating to or arising out of or in connection with the enforcement, interpretation or implementation of the Settlement Agreement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

So ordered.

       /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED:  November 1, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2006, by electronic and/or ordinary mail.

s/ William F. Lewis
Case Manager